

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 04-15105WIL |
|---|---|
| **Georgette Sampson,** | **Chapter 13** |
| Debtor. | |
| **Marie V. Stewart, Personal Representative of the Estate of Shirley M. Perry, deceased,** | AP No. 04-02297WIL |
| Plaintiff, | |
| v. | |
| **Georgette Sampson, Nancy Spencer Grigsby, Chapter 13 Trustee, and Federal Title & Escrow Company,** | |
| Defendants. | |

**MEMORANDUM OF DECISION**

This matter came before the court on the plaintiff's "Motion for Rehearing and to Alter or Amend Order, Entered 17 Jan. 2006, Denying Amended Supplemental Application for Judgment by Default as to Third Cause of Action." For the following reasons, the plaintiff's motion will be granted, in part, and denied, in part.

The plaintiff's amended complaint included four causes of action. Count I sought an order directing the Clerk of the Court to release to the plaintiff funds representing one-half of the net proceeds of the sale of the debtor/defendant's and the plaintiff's real property. This count was adjudicated by the entry of a judgment by default in favor of the plaintiff and against the

debtor/defendant.  The second cause of action sought reimbursement or contribution from the debtor/defendant pursuant to 11 U.S.C. § 502(e)(2).  In the third cause of action, the plaintiff alleged that the debtor/defendant acted fraudulently and sought damages in the form of attorney's fees and costs.  The fourth cause of action targeted the defendant title company, alleging negligence and seeking damages.

Following a status conference held before the Honorable Nancy V. Alquist, the court decided to adjudicate the third cause of action by affidavit pursuant to F.R.B.P. Rule 7055.  An "Amended Supplemental Application for Judgment by Default as to Third Cause of Action" was filed by the plaintiff seeking $11,929.35, plus accrued interest, representing counsel's fees and costs incurred in this adversary proceeding.  In support, counsel for the plaintiff, Alfred Lawrence Toombs, filed an "Amended Affidavit Submitted in Support of Supplemental Application for Judgment by Default as to Third Cause of Action," along with billing and expense statements.  Judge Alquist denied the supplemental application by order entered January 17, 2006.  Relying on federal law, Judge Alquist found that departure from the "American Rule" regarding attorney's fees was not warranted.

The plaintiff makes four newly-raised arguments in support of an award for attorney's fees and costs and, for the first time, cites authority for the requested relief.

First, the plaintiff asserts that consequential and compensatory damages are recoverable in an action for fraud or deceit.  His statement of the law is correct; however, his fees and costs are not compensable under the facts of this case.  Under Maryland law, the tort of fraud is comprised of acts, omissions and concealment involving a breach of a legal or an equitable duty that resulted in damage to another.  See Green v. Lombard, 28 Md. App. 1 (1975); cert. denied, 276 Md. 743 (1975); Suburban Props. Mgmt., Inc. v. Johnson, 236 Md. 455 (1964) (setting forth the five elements required to prove fraud).  A prevailing plaintiff may recover compensatory damages only – that is damages for injury sustained that was the natural and proximate cause of the fraudulent act.  Empire Realty Co., Inc. v. Fleisher, 269 Md. 278, 284 (1973); Crawford v. Mindel, 57 Md. App. 111 (1984).  As held by the Court of Appeals of Maryland:

> The general rule is that, other than usual and ordinary court costs, the expenses of litigation – including legal fees incurred by the successful party – are not recoverable in an action for damages.  (citations omitted).

Empire Realty Co., Inc. v. Fleisher, 269 Md. at 285-6.   Similar to the federal law set forth in Judge Alquist's order, in Maryland, attorney's fees and litigation expenses are not an element of damages in the absence of special statutory authorization, contractual provision or special circumstances.  Id. at 284-7.   The cases cited by the plaintiff merely discuss the circumstances warranting deviation from the American Rule.   At no point does she cite to a statute or case entitling her to reimbursement of attorney's fees herein.  However, consistent with the Empire Realty Co., Inc. v. Fleisher case, this court will award the usual and ordinary court costs of litigation totaling $150.00.

By the second and third arguments, the plaintiff asserts the existence of "special circumstances."  Citing to McGaw v. Acker, Merrall & C. Co., 111 Md. 153, 160, 73 A. 731, 734 (1909), she argues entitlement to fees and costs because the defendant's wrongful conduct forced the plaintiff into litigation with a third-party.  The plaintiff misreads McGaw.  Indeed, in McGaw, fees and costs were awarded; however, those fees and costs were not related to litigation directly with the alleged wrongdoer but with a third-party.  Here, the plaintiff seeks fees and costs against the defendant in litigation with the defendant.  None of the fees incurred by virtue of the defendant's wrongdoing forced the plaintiff into litigation with another to protect the plaintiff's interests.  Similarly, the plaintiff misunderstands the common fund doctrine, which is litigation taken on by one that benefits the general public.  The subject litigation was taken on to benefit the decedent's beneficiaries, not the public at large.  No special circumstances exist in this matter warranting deviation from the generally-applied rule.

Lastly, the plaintiff asserts that public policy supports the award because the plaintiff has exposed the defendant's fraud on the bankruptcy court/system.  There has been no previous mention of bankruptcy fraud in this action.  Further, the allegation is improperly raised by this plaintiff.  See 18 U.S.C. § 157.

An appropriate order granting, in part, and denying, in part, the plaintiff's motion and setting a status conference on the remaining counts of the complaint will be entered.

cc: Marie V. Stewart, Personal Representative of the Estate of Shirley M. Perry, Deceased
c/o Alfred Lawrence Toombs
8957 Edmonston Rd., Ste A
Greenbelt, MD 20770

Alfred Lawrence Toombs
8957 Edmonston Rd., Suite A
Greenbelt, MD 20770-4044

Georgette Sampson
6435 Pennsylvania Avenue, #201
Forestville, MD 20747

Nancy Spencer Grigsby
4201 Mitchellville Rd.
Suite 401
Bowie, MD 20716

Federal Title & Escrow Company
4530 Wisconsin Ave. NW, Ste. 340
Washington, DC 20815

David C. Tobin
Tobin, O'Connor, Ewing & Richard
5335 Wisconsin Avenue, NW
Suite 700
Washington, DC 20015

**End of Memorandum Decision**